IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| DAVID G. BYLSMA,<br><br>       Plaintiff,<br><br>  vs.<br><br>HAWAII STATE JUDICIARY,<br><br>       Defendant. | CIVIL NO. 06-00323 HG-KSC |

**ORDER DENYING PLAINTIFF'S "MEMORANDUM IN OPPOSITION TO JUDGE HELEN GILLMOR'S ORDER DISMISSING COMPLAINT, DENYING APPOINTMENT OF COUNSEL, DENYING MOTION TO CONTINUE ELECTRONICALLY, AND DENYING LEAVE TO AMEND," CONSTRUED AS A MOTION FOR RECONSIDERATION**

On September 29, 2006, Plaintiff David G. Bylsma ("Plaintiff") filed a document entitled "Memorandum in Opposition to Judge Helen Gillmor's Order Dismissing Complaint, Denying Appointment of Counsel, Denying Motion to Continue Electronically, and Denying Leave to Amend" (Doc. 29).  The pleading is construed as a Motion for Reconsideration ("Motion") of this Court's Order of September 26, 2006 pursuant to Federal Rule of Civil Procedure 60(b).  The Order Dismissing Complaint, Granting Application to Proceed Without Prepayment of Fees, Denying Appointment of Counsel, Denying Motion to Continue

1

Electronically, and Denying Leave to Amend shall be hereinafter referred to as "Order of September 26, 2006" (Doc. 27). The Court entered final judgment following the issuance of the Order of September 26, 2006 on the same day (Doc. 28). It is not necessary to recount the full factual and procedural history here as it is set forth in the Court's September 26, 2006 Order.

For the reasons set forth below, the Court DENIES Plaintiff's Motion for Reconsideration.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 60(b) provides for relief from judgments or orders:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Such relief is within the discretion of the district court and will not be reversed absent abuse of discretion. Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982). A motion for reconsideration, according to District of Hawaii Local Rule 60.1, must be filed not more than ten business days after the court's written order is filed.

In <u>Mustafa v. Clark County School District</u>, 157 F.3d 1169, 1178-79 (9th Cir. 1998), the Ninth Circuit Court of Appeals held that a motion for reconsideration is justified on any of three grounds:  (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.

A successful motion for reconsideration must accomplish two goals.  First, the motion must demonstrate some reason why the court should reconsider its prior decision.  Second, the motion must set forth facts or law that are strongly convincing to induce the court to reverse its prior decision.  <u>See</u> <u>Na Mamo O'Aha'Ino v. Galiher</u>, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citations omitted).

**ANALYSIS**

Plaintiff timely filed a Motion for Reconsideration in compliance with Local Rule 60.1.  Just as in Plaintiff's complaint and other motions, it is difficult for the Court to decipher what plaintiff is saying.  Plaintiff fails to allege an intervening change in controlling law or the discovery of new evidence not previously available.  Plaintiff appears to argue that the Court erred as a matter of law in dismissing the complaint and denying leave to amend.

Plaintiff previously filed garbled indecipherable complaints

against judges at least six times in 2005 in this District Court alone.  See Bylsma v. Judge Nagata, Civil No. 05-00675 JMS-KSC (dismissing complaint); Bylsma v. Judge Richardson, Civil No. 05-00703 DAE-BMK (dismissing complaint); Bylsma v. Judge Koyanagi, Civil No. 05-00701 ACK-LEK (dismissing complaint); Bylsma v. Judge Garibaldi, Civil No. 05-00654 HG-KSC (dismissing complaint); Bylsma v. Judge Lo, Civil No. 05-00676 ACK-BMK (dismissing complaint); Bylsma v. Judge Devens, Civil No. 05-700 DAE-BMK (dismissing complaint and denying leave to amend).  As discussed in this Court's September 26, 2006 Order, given the dismissal of the complaints against the judges as individuals, dismissal of the suit against the Hawaii State Judiciary was appropriate.

   Plaintiff also argues that leave to amend should have been granted because the state judges were not acting within their official duties, therefore, leave would not be "futile" as this Court found in its Order of September 26, 2006.  For the reasons stated in the Court's Order of September 26, 2006, Plaintiff's argument is without merit.

   Plaintiff's Motion is largely incoherent, but appears to address legal contentions previously decided by the Court's Order of September 26, 2006.  Plaintiff's arguments remain unpersuasive.  The Motion for reconsideration is DENIED.

**CONCLUSION**

In accordance with the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's "Memorandum in Opposition to Judge Helen Gillmor's Order Dismissing Complaint, Denying Appointment of Counsel, Denying Motion to Continue Electronically, and Denying Leave to Amend," Construed as a Motion for Reconsideration (Doc. 29) is DENIED.

DATED:  Honolulu, Hawaii, October 19, 2006.



 /s/ Helen Gillmor
Chief United States District Judge

_____
Bylsma v. Hawaii State Judiciary, Civil No. 06-00323 HG-KSC, Order Denying Plaintiff's "Memorandum in Opposition to Judge Helen Gillmor's Order Dismissing Complaint, Denying Appointment of Counsel, Denying Motion to Continue Electronically, and Denying Leave to Amend," Construed as a Motion for Reconsideration